## 1263

Muriel HUME, Executrix of the Estate of Donald E. Hume, Deceased, Appellant v. John D. LONG, III, and O. Eugene Powell, Jr., Respondents.

(377 S. E. (2d) 99)

Court of Appeals

---

*Charles L. Henshaw, Jr., of Law Office of O. Fayrell Furr, Jr.,* Columbia, *for appellant.*

*Wilburn Brewer, Jr.,* and *Susan Batten Lipscomb, Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for respondents.*

Heard Oct. 17, 1988.

Decided Dec. 5, 1988.

BELL, Judge:

This is an action in negligence for professional malpractice. Muriel Hume, as executrix of the estate of her deceased husband, Donald E. Hume, sued John D. Long, III, and O. Eugene Powell, Jr., two lawyers who formerly represented the estate in a potential medical malpractice suit. She alleges that Long and Powell let the statute of limitations run on her husband's claim while they were acting as his attorneys. Long and Powell moved for summary judgment. The circuit court granted the motion on the ground that the applicable statute of limitations did not run during the time Long and Powell represented the estate. Mrs. Hume appeals. We affirm.

The material facts are undisputed. From March, 1976 to February, 1978, two doctors from the Durwood Medical Clinic in Charlotte, North Carolina, treated Mr. Hume for hypertension and related problems. Mr. Hume's personal physician in Union, South Carolina, also treated him during this period. On February 25, 1978, Mr. Hume died, arguably of causes related to his hypertension.

In the spring of 1979, Mrs. Hume, as executrix of the estate, retained Long to develop a medical malpractice claim against Durwood Clinic and the three physicians. A few months later, with Mrs. Hume's consent, Long associated

Powell in the matter. In April, 1980, Powell transferred the Hume file to another attorney. Thereafter, Long and Powell ceased to represent the estate. At the time the attorney-client relationship ended, neither attorney had commenced legal action against any of the doctors.

In February, 1981, the lawyers who now represent the estate commenced an action in South Carolina for medical malpractice. The defendants in that suit were the Durwood Clinic and the three physicians. Durwood Clinic and the two North Carolina physicians moved to dismiss for lack of personal jurisdiction. The circuit court denied the motion. Finding no basis for personal jurisdiction, this Court reversed in *Hume v. Durwood Medical Clinic, Inc.*, 282 S. C. 236, 318 S. E. (2d) 119 (Ct. App. 1984), *cert. denied*, 474 U. S. 848, 106 S. Ct. 141, 88 L. Ed. (2d) 117 (1985).

On February 14, 1986, the estate's lawyers commenced this action. The theory of their case is as follows: At the time Mrs. Hume retained Long and Powell, Mr. Hume's estate had a cause of action for medical malpractice in North Carolina. As the medical malpractice resulted in Hume's death, the applicable statute of limitations was North Carolina's two year statute for wrongful death actions. The two year statute ran on February 25, 1980. After the statute had run, Long and Powell transferred the case to another lawyer. The failure of Long and Powell to file suit in North Carolina before the statute ran constitutes professional malpractice, for which they are liable to the estate.

In defense, Long and Powell argue that the applicable statute of limitations is the three year professional malpractice statute contained in the North Carolina general statute of limitations. This statute ran on February 22, 1981. Since the statute did not run until well after Long and Powell ceased to represent Hume, they cannot be charged with letting the statute run on Hume's claim.

The question presented is whether medical malpractice claims in North Carolina are subject to two different statutory periods of limitation: one if the patient dies and another if he does not die. We conclude that there is but a single three year period of limitation for medical malpractice claims in North Carolina. We further hold that Long and Powell did not allow the three year

statute to run while they were representing Hume.

North Carolina's general statute of limitations provides:

> Civil actions can only be commenced within the periods prescribed in this Chapter, after the cause of action has accrued, except where in special cases a different limitation is prescribed by statute.

N. C. Gen. Stat. Section 1-15(a) (1983). The statute then sets forth special rules to determine when a cause of action for professional malpractice accrues. It provides, in pertinent part:

> [A] cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action; Provided [that in specified cases it accrues at the time of discovery of the injury]; Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action.

*Id.* at Section 1-15(c).[1] The subchapter goes on to provide various periods of limitation for different causes of action. None of these involves claims for professional malpractice. It does include a two year limitation for:

> Actions for damages on account of the death of a person caused by the wrongful act, neglect, or fault of another under G. S. 28A-18-2 [Lord Campbell's Act]; the cause of action shall not accrue until the date of death. . . .

N.C. Gen. Stat. Section 1-53(4) (1983).

Hume's estate argues that the statute of limitations differentiates between medical malpractice actions arising

---

[1] This section was enacted as part of an act to provide for procedural and substantive laws governing professional malpractice. 1975 N. C. Sess. Laws Chapter 977. It revised the statute of limitations governing professional malpractice generally and also enacted certain rules of substantive law for medical malpractice in particular. *See* Section 2 (statute of limitations); Section 4 (medical malpractice).

from bodily injury and those arising from death. Not a word or phrase in the statute suggests such a distinction. Moreover, the statutory law relating to medical malpractice directly refutes the argument. The term "medical malpractice" is not a defined term in the statute of limitations or elsewhere. However, the meaning the legislature intended the words bear is apparent in Article 1B of Chapter 90 of the General Statutes, the article relating to "Medical Malpractice Actions." This article throughout describes medical malpractice in terms of damages for "injury or death" caused by the furnishing or failure to furnish medical or health care. *See* N. C. Gen. Stat. Sections 90-21.12 and 90-21.14 (1985). Short of an express statutory definition, there can be no more explicit evidence that the legislature intended medical malpractice actions to include claims involving death.[2]

Reading the statute of limitations as a whole, it is clear that medical malpractice is a species of professional malpractice governed by the three year period of limitation in Section 1-15(c). On the other hand, the two year period in Section 1-53(4) applies solely to statutory actions brought under Lord Campbell's Act. Hume's estate concedes that actions for medical malpractice and actions under Lord Campbell's Act are separate and distinct. The estate's claim is for medical malpractice.

Not only is the estate's position contrary to a reading of the North Carolina statutes; it also finds no support in the North Carolina decisions. Hume's attorneys were unable to cite a single North Carolina case holding that there are two different periods of limitation for medical malpractice ac-

---

[2] Our reading of these statutes is confirmed by the decision of the North Carolina Court of Appeals in *Roberts v. Durham County Hospital Corp.*, 56 N. C. App. 533, 289 S. E. (2d) 875 (1982), *aff'd*, 307 N. C. 465, 298 S. E. (2d) 384 (1983), a case challenging the constitutionality of the medical malpractice statute. In that case, the Court stated that Section 90-21.12 of the medical malpractice statute

contemplates that a medical malpractice action involves "any action for damages for personal injury or death arising out of the furnishing or the failure to furnish professional services in the performance of medical, dental or other health care. . . ."

56 N. C. App. at 538, 289 S. E. (2d) at 878.

tions in that State, according to whether the patient dies. If the three year statute is applied to this case, Long ▪ and Powell are not guilty of letting the statute run on Hume's malpractice claim. When they ceased to represent the estate, the statute still had some eight or nine months to run. This was ample time for Hume's new attorneys to file an action in North Carolina. The estate's cause of action was not barred as a result of any neglect by Long or Powell. Therefore, the circuit court correctly granted them summary judgment.

For the reasons stated, the judgment is affirmed.

Affirmed.

GARDNER and SHAW, JJ., concur.